UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                                 **MEMORANDUM & ORDER**
                                                                   98-CV-6508 (NGG)

       - against -

UNITED STATES CURRENCY IN THE
SUM OF ONE HUNDRED AND NINE
THOUSAND, SIX HUNDRED AND
SEVENTY-SIX DOLLARS ($109,676.00),
MORE OR LESS, AND ALL PROCEEDS
TRACEABLE THERETO,

                Defendant.
----------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

The United States commenced this *in rem* civil action on October 22, 1998, seeking forfeiture of United States currency totaling $109,676.00 (the "Defendant Currency") as property traceable to and/or involved in transactions in violation of 31 U.S.C. §§ 5316 and 5317. The Government has moved this court for an Order dismissing the claims of twelve remaining claimants pursuant to Fed. R. Civ. P. 37 for those claimants' repeated discovery failures. For the reasons that follow, the Government's motion is granted and the claims of the individuals identified below as the remaining claimants are dismissed with prejudice.

    **I.**      **Background**

This action involves the seizure of $109,676.00 from Mohammad Aslam ("Aslam") as he was boarding a flight from John F. Kennedy International Airport to Pakistan. Aslam was later

convicted after a jury trial of two crimes[1] for having declared on a customs form that he was carrying only $9,900 in U.S. currency when, in fact, he had been carrying approximately $109,000 in U.S. currency. After his conviction was upheld by the U.S. Court of Appeals for the Second Circuit, see U.S. v. Aslam, 131 F.3d 132 (2d Cir. 1997), the Government filed the instant Complaint, alleging that Defendant Currency was involved in transactions or attempted transactions in violation of 31 U.S.C. §§ 5316 and 5317, and therefore it was subject to seizure and forfeiture to the United States, pursuant to 31 U.S.C. § 5317.

In accordance with the warrant of arrest of articles *in rem* ("Warrant") signed by U.S. District Judge Frederic Block, the Government attempted to serve all known potential claimants to Defendant Currency with the Warrant, the Complaint, and the United States' First Set of Interrogatories and Request for Production of Documents ("Discovery Requests"). (See Declaration of Assistant United States Attorney Paul Kaufman ("Kaufman Decl.") ¶¶ 4-6.) After the effectuation of such service, the Government received claims from fourteen individuals for Defendant Currency: Mohammad Anwar ($9,000); Mohammad Hussain ($8,800); Mohammad Shaheen ($6,700); Ghulam Rabbini ($9,000); Mohammad Aslam ($5,700); Khalil Hussain ($8,700); Mohammad Iqbal ($5,100); Ghulam Siddiq ($7,800); Mohammaed Shafait ($8,000); Raja Mohammad Hafeez ($6,600); Mohammad Anwar ($5,900); Mohammad M. Raja ("Raja") ($9,700); Mohammad Aslam ($9,676); and Mohammad Fayaz ("Fayaz") ($9,000). (See id. ¶ 7.) The Government has since settled the claim by Fayaz and has reached agreement to settle Raja's claim. (Memorandum of Law in Support of the United States of America's Motion to Dismiss

---

[1] Aslam was convicted of failure to file a required report, in violation of 31 U.S.C. § 5316(a)(1)(A), and making a false statement to the U.S. Customs Service, in violation of 18 U.S.C. § 1001.

the Claims of the Remaining Claimants ("Govt. Br.") at 3.) The remaining twelve claimants ("Remaining Claimants") are all represented by the same attorney, Khalid M. Azam ("Azam"). (See Kaufman Decl. ¶ 8.)

The Government has outlined for the court a panoply of discovery failures of the Remaining Claimants. (See generally Govt. Br. at 4-6). After the court granted numerous extensions of time to respond to the Government's Discovery Requests, all of which were on consent by the Government, in or about September 1999, the Government called Azam on two occasions regarding the status of his clients' response to the Discovery Requests. (Id. at 4.) Azam did not return the telephone calls. (Id.) On or about October 4, 1999, the Government sent Azam a letter stating that if he did not produce responses to the Government's Discovery Requests by October 8, 1999, the Government would recommend that Magistrate Judge A. Simon Chrein apply appropriate remedies. (Id. (citing Kaufman Decl. ¶¶ 13, 14, Ex. 2).) Azam did not reply by October 8, 1999 but instead, by letter dated October 28, 1999, stated that "replies to your interrogatories for most of them, if not all will be sent to you before the end of next week." (Kaufman Decl. ¶ 15, Ex. 3.) However, Azam missed that deadline as well, and the Government requested that the claims of Azam's clients be stricken if he did not produce responses to the Discovery Requests by December 3, 1999. (Id. ¶ 16, Ex. 4.) Azam timely responded, producing interrogatory responses for only four of the Remaining Claimants and for Raja; however, these responses contained no documents responsive to the Government's Discovery Requests. (Id. ¶ 17.)

On February 15, 2000, Magistrate Judge Chrein held a conference to discuss the Remaining Claimants' discovery failures, at which he ruled that "claimants who do not answer

interrogatories (served in October 1998) and produce documents demanded at the same time will be deemed to have forfeited their claims." (Govt. Br. at 5.) Magistrate Judge Chrein also set a deadline of May 31, 2000 to produce such responses. (Id. (citing Kaufman Decl. ¶ 18).) On May 31, 2000, the date of the court-imposed deadline, Azam produced certain responsive documents from only one of his clients, Raja, who, as discussed *infra,* is not one of the Remaining Claimaints. "Based on this wholly insufficient response," the Government sent Magistrate Judge Chrein a letter on June 12, 2000, requesting an Order dismissing the claims of the Remaining Claimants. (Govt. Br. at 6 (citing Kaufman Decl. ¶ 19, Ex. 6.)

Magistrate Judge Chrein held another conference on July 6, 2000, after which he ruled that "any claimant who does not by 7/31/00 provide answers or responses to the discovery sought by the Gov't since 3/99 will be precluded from testifying." (Govt. Br. at 6.) Once again, Azam did not produce any documents or interrogatory responses by that date. (Id. (citing Kaufman Decl. ¶ 20, Ex. 7).) The magistrate judge held another conference on October 10, 2000, but Azam failed to appear due to a purported scheduling error by his office. (Govt. Br. at 6.) The court then held another, final conference on November 30, 2000, during which Magistrate Judge Chrein noted, in a calendar note, that "no discovery [was] delivered by any claimant other than Mohammad M. Raja notwithstanding magistrates [sic] deadlines of 2/15/00 and 7/6/00. Gov't will move to dismiss claims of non-complaint defendants by motion letter filed before 12/31/00." (Docket Entry #44.)

To this day, despite repeated orders by Magistrate Judge Chrein and repeated requests from the Government, eight of the Remaining Claimants have not produced any response whatsoever to the Government's Discovery Requests, and four have not produced any documents

in response to those requests. (Govt. Br. at 6.)

**II.     Legal Standard and Analysis**

Rule 37(b)(2)(C) permits a district court, where a party has failed to comply with a discovery request to, *inter alia*, enter "[a]n order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." The dismissal of a case for failure to comply with discovery orders is "a severe sanction that should not be lightly imposed," Friends of Animals Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997); however, such an action may well be warranted where "the requisite element of willfulness or conscious disregard for the discovery process . . . justifies the sanction of dismissal." Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802 F.2d 1448, 1458 (D.C. Cir. 1986) (citations omitted); see also Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990).

A decision by a district court to dismiss an action for failure to comply with discovery orders is reversible only for an abuse of discretion. See Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (citations omitted). In fact, the Court of Appeals for the Second Circuit has stated that it "does not hesitate to affirm the dismissal of claims as a sanction for 'willfulness, bad faith, or any fault' on behalf of the sanctioned party." Baba v. Japan Travel Bureau Int'l, 111 F.2d 2, 5 (2d Cir. 1997) (citations omitted); see also Valentine, 29 F.3d at 50 (affirming dismissal with prejudice in a case where the record revealed "sustained and willful intransigence in the face of repeated and explicit warnings form the court that the refusal to comply with court orders . . . would result in the dismissal of the action.").

Here, the Remaining Claimants have failed to respond to the Government's Discovery

Requests for about two years, despite the fact that such responses were due within thirty days of service.  See Fed. R. Civ. P. 33 and 34.  Notably, the Remaining Claimants have been represented by counsel throughout these proceedings; nevertheless, they have not provided any rationale to justify their disregard of their discovery obligations.  The record is clear that Magistrate Judge Chrein repeatedly warned the Remaining Claimants that their failure to respond to the Government's Discovery Requests would result in dismissal of their claims, warnings that have gone utterly and completely ignored.  Finally, the Remaining Claimants have not responded to this instant motion by the Government to dismiss their claims, a motion that was initially filed on March 5, 2001 and renewed more than five months ago.[2]

### III. CONCLUSION

For the reasons set forth above, the Government's motion to dismiss this action for failure to comply with discovery orders pursuant to Fed. R. of Civ. P. 37 is hereby granted with respect to the Remaining Claimants.  The claims of the Remaining Claimants are dismissed with prejudice, and the Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: November 29, 2007                   /s Nicholas G. Garaufis
    Brooklyn, NY                       NICHOLAS G. GARAUFIS
                                                   United States District Judge

---

[2] While this motion was pending, the case was inadvertently closed by the Clerk of Court.  On June 5, 2007, I issued an Order directing the Clerk of Court to reopen the case.  By letter dated June 28, 2007, the Government resubmitted the instant Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss.  (See Letter from Assistant United States Attorney Paul Kaufman to the court dated June 28, 2007 (Docket Entry #58).)  Notwithstanding the clerical error, at no point have the Remaining Claimants deigned to respond to the motion.  They have had six years to prepare a response.